CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 05 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEITH MICHAEL WELSH, | ) | CASE NO. 7:14CV00046 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| NORTH WESTERN REGIONAL JAIL, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Keith Michael Welsh filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he fell in the shower and was injured at a Virginia jail. Upon review of the record, the court finds that the action must be summarily dismissed.

Welsh was an inmate at the Northwestern Virginia Regional Jail ("the jail") when he filed this civil action.[1] Welsh states that the shower curtains at the jail were too long and would stop up the drain in the shower. Inmates routinely placed the curtains outside the shower, which directed a pool of soapy water onto the smooth concrete floor. When Welsh tried to step out of the shower, he slipped in this water and fell, suffering injuries to his right arm and elbow. He sues the jail, faulting officials for failing to install shorter curtains, no-skid strips, or handrails. He seeks compensation for pain and suffering and possible loss of employment.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S.

---

[1] Welsh's submissions indicate that he was to be released from the jail on February 3, 2014.

42 (1988).  The jail, as the only defendant Welsh has named in this action, is not a "person"

subject to suit under § 1983.  <u>Preval v. Reno</u>, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan.

13, 2000) (unpublished) (quoting <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71

(1989)); <u>McCoy v. Chesapeake Correctional Center</u>, 788 F. Supp. 890, 893-94 (E.D. Va. 1992)

(finding city jail immune from suit and not a person for purposes of § 1983).

Because Welsh cannot prevail in a § 1983 claim against the jail, the court dismisses his

complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.[2]  The Clerk is

directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This _5th_ day of February, 2014.

_Glen Conrad_
Chief United States District Judge

---

[2] The court also finds that Welsh's current allegations fail to state a constitutionally significant claim against anyone at the jail.  Welsh does not state facts indicating that any particular jail official had specific notice that the long shower curtains posed a significant risk of serious harm to the inmates.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 835-37 (1994) (finding that to prove constitutional claim regarding unsafe jail conditions, inmate must show that official knew, subjectively, condition presented a substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate it). Possible negligence by officials, in failing to replace the curtains or take other safety precautions, simply does not give rise to any constitutional claim actionable under § 1983.  <u>See, e.g.</u>, <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).